# NO. 12-12-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DERAL JASON MULLER,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Deral Jason Muller appeals his conviction for the offense of evading arrest, a state jail felony as alleged. In two issues, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs. We modify and affirm as modified.

### BACKGROUND

In 2012, Appellant was indicted for the offense of evading arrest in a vehicle, a state jail felony as alleged. Appellant pleaded "guilty" to the charge without an agreement as to punishment. The trial court, after accepting the plea, assessed punishment at eighteen months of confinement in a state jail facility.[1]

In the judgment of conviction, the trial court ordered the payment of $584.00 in court costs. At that time, the certified bill of costs was not in the record. After Appellant filed his brief, the

---

[1] As permitted by Texas Penal Code Section 12.45, the trial court also considered an unadjudicated offense for tampering with evidence in the punishment phase of Appellant's trial. That statute permits a defendant, with the prosecutor's consent, to admit guilt of an unadjudicated extraneous offense and to have that offense taken into account by the trial court when assessing a sentence for another offense. TEX. PENAL CODE ANN. § 12.45(a) (West 2011). When this procedure is employed, it acts as a bar to any future prosecution for the extraneous offense. *Id.* § 12.45(c).

district clerk supplemented the record to include a bill of costs.

## COURT COSTS

In two issues, Appellant challenges the trial court's order to withdraw funds from his inmate trust account because there was no bill of costs in the record. Appellant also challenges the court costs assessed in the judgment adjudicating guilt. Because the withholding order is contained in the judgment as an attachment, we construe Appellant's issues as a sufficiency challenge to the trial court's assessment of costs.

**Standard of Review**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet. h.) (not yet released for publication).

**Applicable Law**

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2006). The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See id.* arts. 103.006, 103.001 (West 2006). However, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001. Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.*; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

The rules of appellate procedure permit supplementation of the clerk's record "[i]f a relevant item has been omitted. . . ." *See* TEX. R. APP. P. 34.5(c)(1). Furthermore, when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to

supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006. Supplementation is permissible because a bill of costs is a governmental record that is "merely a documentation of what occurred during . . . the trial." *See Johnson*, 2013 WL 3054994, at *1.

In certain circumstances, a trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2012). Thus, the trial court must determine that the defendant has financial resources which enable him to offset in part or in whole the costs of the legal services provided, and that determination must be supported by some factual basis in the record before attorney's fees are imposed. *See Johnson*, 2013 WL 3054994, at *3. If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees. *See id.* (citing *Mayer*, 309 S.W.3d at 553). Unlike other court costs, supplementation of the record to provide evidence of Appellant's ability to pay attorney's fees is not appropriate. *See Johnson*, 2013 WL 3054994, at *2 (citing *Mayer*, 309 S.W.3d at 557).

**Discussion**

Here, the judgment of conviction reflects that the trial court assessed $584.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $584.00.

In his brief, Appellant argues that his right to due process was violated when the trial court ordered the withdrawal of funds from his inmate account without a bill of costs because he had no ability to know or challenge the legal basis for the costs assessed against him. Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot. *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *2 n.4 (Tex. App.—Tyler June 19, 2013, no. pet. h.) (not yet released for publication).

Appellant next contends that portions of the costs assessed are unsupported by the evidence. The bill of costs itemizes the costs and fees assessed against Appellant totaling $644.00. The trial

court assessed $584.00 in costs in its written judgment. In the bill of costs, $300.00 is for attorney's fees, and the remaining fees total $344.00. Of that $344.00, $60.00 is for a "pretrial fee," which leaves $284.00 in court costs.[2] The bill of costs reflects that the $60.00 fee has been paid, and Appellant does not challenge its assessment. It is apparent from the record that the trial court arrived at the $584.00 amount in court costs by adding all court costs plus attorney's fees, excluding the pretrial fee, which has already been paid. In other words, Appellant does not challenge the discrepancy between the bill of costs and the trial court's judgment, presumably because it appears to have been a proper fee assessed as part of his pretrial bond conditions and the fee has been paid.

We have verified that each fee listed in the bill of costs is authorized by statute.[3] Appellant is required to pay all of these costs, except the attorney's fees, regardless of his indigence. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 42.16; *see also **Johnson v. State***, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no pet. h.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."). Therefore, the evidence is sufficient to support the trial court's assessment of $284.00 in court costs against Appellant.

There is no evidence in the record, however, that Appellant's financial circumstances materially changed after the trial court determined that he was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). The record shows that the trial court made two separate findings of Appellant's indigence—by appointing counsel to represent Appellant before his guilty plea and by appointing appellate counsel after it found him guilty and assessed his punishment. The trial court made no finding that Appellant has financial resources which enable him to offset in whole or in part the costs of the legal services he was provided. Consequently, the evidence is insufficient to support the

---

[2] The pretrial fee appears to be authorized by statute. *See **Busby v. State***, No. 01-11-00819-CR, 2012 WL 2451849, at *2-4 (Tex. App.—Houston [1st Dist.] June 25, 2012, no pet.) (mem. op., not designated for publication) (discusses statutory method for collecting costs when defendant participates in pretrial intervention or supervision programs) (citing TEX. GOV'T CODE ANN. 76.011, 76.015 (West 2013), TEX. CODE CRIM. PROC. ANN. art. 102.012 (West Supp. 2012)).

[3] The bill of costs lists attorney's fees, pretrial fee, jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, bond fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (5), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

imposition of attorney's fees as court costs. *See id.* art. 26.04(p), 26.05(g); *see also* **Johnson**, 2013 WL 3054994, at *4.

We sustain Appellant's first and second issues in part.

### DISPOSITION

Having sustained Appellant's first and second issues in part, we modify the trial court's judgment to reflect that the amount of court costs is $284.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $284.00. *See, e.g.*, **Reyes v. State**, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We *affirm* the judgment of the trial court *as modified*. *See* TEX. R APP. P. 43.2(b).


**BRIAN HOYLE**
Justice


Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

## NO. 12-12-00269-CR

**DERAL JASON MULLER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0304-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's order of dismissal below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order of dismissal below be **modified** to reflect that the amount of court costs is $284.00; we also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $284.00; **and as modified**, the trial court's order of dismissal is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*