# NO. 12-12-00235-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLAUDE EDWARD JOHNSON, JR.,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Claude Edward Johnson, Jr., appeals his conviction for the felony offense of delivery of marijuana. In two issues, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs. We modify and affirm as modified.

### BACKGROUND

In 2010, Appellant was indicted for the offense of delivery of marijuana, enhanced to the punishment level of a third degree felony, because the offense was alleged to have occurred in a drug free zone. Appellant pleaded guilty, pursuant to a negotiated plea agreement, and the trial court accepted Appellant's plea, found him guilty, and sentenced him to imprisonment for ten years. However, pursuant to the plea agreement, the trial court suspended Appellant's sentence and placed him on community supervision for five years.

In 2012, the State filed a motion to revoke Appellant's community supervision. The State abandoned two of its allegations, and Appellant pleaded "true" to the remaining allegations in the State's motion. The trial court accepted his plea, revoked his community supervision, and sentenced him to five years of imprisonment. In the judgment of conviction, the trial court ordered the payment

of $608.00 in court costs. At that time, the certified bill of costs was not in the record. After Appellant filed his notice of appeal, he filed a motion to supplement the record, which was granted by this court. The supplemental record contains a certified bill of costs.

## COURT COSTS

In two issues, Appellant challenges the trial court's order to withdraw funds from his inmate trust account because there was no bill of costs in the record. Appellant also challenges the court costs assessed in the judgment adjudicating guilt. Because the withholding order is contained in the judgment as an attachment, we construe Appellant's issues as a challenge to the sufficiency of the evidence supporting the trial court's assessment of costs.

### Standard of Review

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet. h.) (not yet released for publication).

### Applicable Law

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.* art. 103.001 (West 2006); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; *Johnson*, 2013 WL 3054994, at *1-2.

In certain circumstances, a trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his

2

financial circumstances occurs." **Id.** art. 26.04(p) (West Supp. 2012). If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees. *See* **Johnson**, 2013 WL 3054994, at *3 (citing **Mayer**, 309 S.W.3d at 553).

**Discussion**

Here, the judgment of conviction reflects that the trial court assessed $608.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $608.00.

In his brief, Appellant argues that his right to due process was violated when the trial court ordered the withdrawal of funds from his inmate account without a bill of costs because he had no ability to know or challenge the legal basis for the costs assessed against him. Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot. *See* **Ballinger v. State**, No. 12-12-00280-CR, 2013 WL 3054935, at *2 n.4 (Tex. App.—Tyler June 19, 2013, no. pet. h.) (not yet released for publication).

Appellant next contends that portions of the costs assessed are unsupported by the evidence. We have verified that each fee listed in the bill of costs is authorized by statute.[1] Appellant is required to pay all of these costs, except the attorney's fees, regardless of his indigence. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 42.16; *see also* **Johnson v. State**, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no pet. h.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."). Therefore, the evidence is sufficient to support the trial court's assessment of $308.00 in court costs against Appellant.

However, the record shows that the trial court found Appellant to be indigent, and there is no

---

[1] The bill of costs lists attorney's fees, jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012). In addition, the bill of costs lists a DNA sample fee in the amount of $34.00, which was properly assessed because Appellant was a convicted felon placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. arts. 102.020(a)(3) (West Supp. 2012), 42.12, § 11(j) (West Supp. 2012).

evidence showing that Appellant's financial circumstances materially changed after the trial court determined that he was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Consequently, the evidence is insufficient to support the imposition of $300.00 in attorney's fees as court costs. *See* *id.* art. 26.04(p), 26.05(g); *see also* ***Johnson***, 2013 WL 3054994, at *4.

We sustain Appellant's first and second issues in part.

## DISPOSITION

Having sustained Appellant's first and second issues in part, we modify the trial court's judgment to reflect that the amount of court costs is $308.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $308.00. *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We ***affirm*** the judgment of the trial court ***as modified***. *See* TEX. R APP. P. 43.2(b).

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 24, 2013**

## NO. 12-12-00235-CR

**CLAUDE EDWARD JOHNSON, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0489-10)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to reflect that the amount of court costs is $308.00.   We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $308.00; **and as modified**, the trial court's order of dismissal is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5