# NO. 12-12-00322-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAMELA JOY DOOLEY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Pamela Joy Dooley appeals her felony conviction for driving while intoxicated (DWI). In two issues, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs. We modify and affirm as modified.

### BACKGROUND

Appellant was indicted for DWI, and the indictment alleged that Appellant had four prior convictions relating to operation of a motor vehicle while intoxicated. Appellant pleaded not guilty and the matter proceeded to a jury trial. At the trial, the State presented evidence that Appellant was observed committing several traffic violations while driving a motor vehicle, which caused a police officer to detain her. The officer detected the strong smell of alcohol on Appellant, and observed that she had glassy eyes and slurred speech. Appellant performed field sobriety tests. Based on her performance, the officer believed she was intoxicated and arrested her. The jury found Appellant guilty, and the trial court sentenced Appellant to fifty years of imprisonment.

In the judgment of conviction, the trial court ordered the payment of $498.00 in court costs. At that time, the certified bill of costs was not in the record. The district clerk subsequently

supplemented the record to include a certified bill of costs.

COURT COSTS

In two issues, Appellant challenges the trial court's order to withdraw funds from her inmate trust account because there was no bill of costs in the record. Appellant also challenges the court costs assessed in the judgment. Because the withholding order is contained in the judgment as an attachment, we construe Appellant's issues as a challenge to the sufficiency of the evidence supporting the trial court's assessment of costs.

**Standard of Review**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication).

**Applicable Law**

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.* art. 103.001 (West 2006); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; *Johnson*, 2013 WL 3054994, at *1-2.

**Discussion**

Here, the judgment of conviction reflects that the trial court assessed $498.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $498.00.

In her brief, Appellant argues that her right to due process was violated when the trial court

2

ordered the withdrawal of funds from her inmate account without a bill of costs because she had no ability to know or challenge the legal basis for the costs assessed against her. Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot. *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at \*2 n.4 (Tex. App.—Tyler June 19, 2013, no. pet.) (not yet released for publication).

Appellant next contends that portions of the costs assessed are unsupported by the evidence. We have reviewed each of the fees listed in the bill of costs. Except for the items listed as "graffiti eradication fund" in the amount of $5.00, and a "DNA sample cost" in the amount of $34.00, all other costs and fees are authorized by statute and applicable to this case.[1]

The "graffiti eradication fund" fee should not be imposed unless an individual is convicted of an offense under Section 28.08 of the penal code.[2] Appellant was not convicted under Section 28.08. Accordingly, the evidence is insufficient to support the imposition of the "graffiti eradication fund" cost. *See Jackson v. State*, No. 12-12-00253-CR, 2013 WL 3377400, at \*4 (Tex. App.—Tyler July 3, 2013, no. pet.) (mem. op., not designated for publication).

The item listed as "DNA sample cost" should not be imposed unless an individual is a convicted felon placed on community supervision and is required to submit to a DNA sample under Article 42.12, Section 11(j) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(3) (West Supp. 2012). Appellant was assessed the "DNA sample cost," but she was not placed on community supervision. *See id.* art. 42.12, § 11(j) (West Supp. 2012). Accordingly, the evidence is insufficient to support the imposition of the $34.00 "DNA sample cost" assessed in the bill of costs. The evidence is, however, sufficient to support the imposition of

---

[1] The bill of costs lists attorney's fees, jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, bond fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 102.0045(a) (West Supp. 2012), 102.005(a), (f) (West 2006), 102.011(a)(2), (5), (6) (West Supp. 2012), 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. §§ 133.102(a)(1) (West Supp. 2012), 133.105(a), (b) (West 2008), 133.107(a) (West Supp. 2012). In addition to the customary court costs, the clerk properly included three fees that are applicable in DWI cases: a "drug court program" fee, a "video fee" as reimbursement for visual recording Appellant during the DWI investigation, and an "EMS/trauma fund" fee. TEX. CODE CRIM. PROC. ANN. arts. 102.0178(a)(1) (West Supp. 2012), 102.018(a) (West 2006), 102.0185(a) (West Supp. 2012).

[2] A person commits a criminal offense under Section 28.08 if, "without the effective consent of the owner, the person intentionally or knowingly makes markings, including inscriptions, slogans, drawings, or paintings, on the tangible property of the owner with: (1) paint; (2) an indelible marker; or (3) an etching or engraving device." TEX. PENAL CODE ANN. § 28.08 (West 2011).

$459.00 in court costs.

We overrule Appellant's first issue. We also sustain Appellant's second issue in part and overrule it in part.

## DISPOSITION

Having overruled Appellant's first issue, and having sustained her second issue in part, we modify the trial court's judgment to reflect that the amount of court costs is $459.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $5.00 for the "graffiti eradication fund," to delete the assessment of $34.00 for the "DNA sample cost," and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $459.00. *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We ***affirm*** the judgment of the trial court ***as modified***. *See* TEX. R APP. P. 43.2(b).

**SAM GRIFFITH**
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-12-00322-CR

**PAMELA JOY DOOLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0296-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $459.00. We also modify Attachment A to delete the assessment of $5.00 for the "graffiti eradication fund," to delete the assessment of $34.00 for the "DNA sample cost," and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $459.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*