# NO. 12-12-00388-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CAMERON FLOYD WHITE,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Cameron Floyd White appeals his conviction for the offense of burglary of a building. In two issues, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs. We modify and affirm as modified.

### BACKGROUND

In 2011, Appellant pleaded guilty to the offense of burglary of a building, with an agreement as to punishment. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for four years. In 2012, the State filed a motion to proceed to final adjudication, alleging that Appellant violated the terms of his community supervision in many respects. Appellant admitted several violations, and consequently, the trial court found the allegations to be true, found him guilty of the underlying offense, and assessed punishment at twelve months of confinement in a state jail facility. In the judgment of conviction, the trial court ordered the payment of $584.00 in court costs. The district clerk initially included an incorrect bill of costs in the record that did not match the amount of costs ordered in the trial court's written judgment. However, the

district clerk later supplemented the record to include a certified bill of costs matching the amount of costs ordered as part of the judgment.

<u>COURT COSTS</u>

In two issues, Appellant challenges the trial court's order to withdraw funds from his inmate trust account because there was no bill of costs in the record.   Appellant also challenges the court costs assessed in the judgment adjudicating guilt.   Because the withholding order is contained in the judgment as an attachment, we construe Appellant's issues as a sufficiency challenge to the trial court's assessment of costs.

**<u>Standard of Review</u>**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case.   ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).   We measure sufficiency by reviewing the record in the light most favorable to the award.   ***Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Johnson v. State***, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication).

**<u>Applicable Law</u>**

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006).   If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed."   ***Id.*** art. 103.006 (West 2006).   Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute.   *See **id.*** art. 103.001; ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs.   *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; ***Johnson***, 2013 WL 3054994, at *1-2.

In certain circumstances, a trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel.   *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).   But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs."   ***Id.*** art. 26.04(p) (West Supp. 2012).   If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees.   *See*

2

***Johnson***, 2013 WL 3054994, at *3 (citing ***Mayer***, 309 S.W.3d at 553).

**Discussion**

Here, the judgment of conviction reflects that the trial court assessed $584.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $584.00.

In his brief, Appellant argues that his right to due process was violated when the trial court ordered the withdrawal of funds from his inmate account without a bill of costs because he had no ability to know or challenge the legal basis for the costs assessed against him. Because we conclude that supplementation of the record with the bill of costs is appropriate, this argument is moot. *See* ***Ballinger v. State***, No. 12-12-00280-CR, 2013 WL 3054935, at *2 n.4 (Tex. App.—Tyler June 19, 2013, no. pet.) (not yet released for publication).

Appellant next contends that portions of the costs assessed are unsupported by the evidence. We have verified that each fee listed in the bill of costs is authorized by statute.[1] Appellant is required to pay all of these costs, except the attorney's fees, regardless of his indigence. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 42.16; *see also* ***Johnson v. State***, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no pet. h.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."). Therefore, the evidence is sufficient to support the trial court's assessment of $284.00 in court costs against Appellant.

However, the record shows that the trial court found Appellant to be indigent, and there is no evidence showing that Appellant's financial circumstances materially changed after the trial court determined that he was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Consequently, the evidence is insufficient to support the imposition of $300.00 in attorney's fees as court costs. *See* ***id.*** art. 26.04(p), 26.05(g); *see also* ***Johnson***, 2013 WL 3054994, at *4.

---

[1] The bill of costs lists attorney's fees, pretrial fee, jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, bond fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (5), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

We sustain Appellant's first and second issues in part.

## DISPOSITION

Having sustained Appellant's first and second issues in part, we modify the trial court's judgment to reflect that the amount of court costs is $284.00.  *See* TEX. R. APP. P. 43.2(b).  We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $284.00.  *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).  We ***affirm*** the judgment of the trial court ***as modified***.  *See* TEX. R APP. P. 43.2(b).

## BRIAN HOYLE
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

## NO. 12-12-00388-CR

**CAMERON FLOYD WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No.007-1557-10)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $284.00; we also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $284.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*