# NO. 12-13-00372-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENDALLYN LAMAR ADAMS, APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Kendallyn Lamar Adams appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify the trial court's judgment, and as modified, affirm.

## BACKGROUND

Appellant was indicted for the first degree felony offense of engaging in organized criminal activity for his role in a scheme, with the intent to harm or defraud twelve persons, by procuring their identifying information to facilitate fraudulent loans.[1] The indictment alleged that Appellant intended to establish, maintain, or participate in a "combination" or in the profits of a combination, and that he collaborated with others in carrying on the criminal activity.[2] The indictment also alleged that Appellant had a prior felony conviction for burglary of a habitation, which mandated a minimum sentence of imprisonment for fifteen years.[3]

---

[1] *See* TEX. PENAL CODE ANN. §§ 71.02(a)(8) (West Supp. 2014); 32.51(b)(1), (c)(3) (West Supp. 2014).

[2] *See id.* §§ 71.01(a)-(c) (West 2011); 71.02(a).

[3] *See id.* § 12.42(c)(1) (West Supp. 2014).

Appellant made an open plea of "guilty," and pleaded "true" to the enhancement. Appellant also signed a written stipulation of evidence establishing all the elements of the offense, a waiver of his rights to a jury trial and confrontation, and an acknowledgement of admonishments. The trial court accepted Appellant's plea and withheld a finding of guilt until it concluded the punishment hearing. At the time of the punishment hearing, Appellant was on parole for the burglary of a habitation conviction, and had less than a year remaining on his parole supervision.

After the punishment hearing at which Appellant testified, the trial court sentenced Appellant to twenty-five years of imprisonment, ordered that Appellant pay $3,400.00 in restitution to the victims of the offense, and assessed court costs and attorney's fees against him. The trial court also ordered that his sentence would run consecutively to the remaining term of imprisonment for Appellant's burglary of a habitation parole violation.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[4] We have likewise reviewed the record for reversible error and have found none, except for an error in assessing attorney's fees that we may delete from the judgment.

## ATTORNEY FEES

We have the authority to reform a judgment in an ***Anders*** appeal and to affirm that judgment as reformed. *See* TEX. R. APP. P. 43.2(b); ***Bray v. State***, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc). This rule applies to modifications to the judgment

---

[4] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

deleting an unsupported order requiring that the defendant pay court-appointed attorney's fees. *Rodriguez-Rodriguez v. State*, No. 01-13-00728-CR, 2014 WL 3697890, at *1-2 (Tex. App.—Houston [1st Dist.] July 24, 2014, no. pet. h.) (mem. op., not designated for publication) (modifying judgment by deleting appointed attorney's fees and affirming judgment as modified in *Anders* appeal).

The code of criminal procedure authorizes the trial court to order the defendant to reimburse the county for court-appointed attorney's fees incurred in his defense. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *Id.*; *Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.) (citations omitted).

If the record does not show that the defendant's financial circumstances materially changed, the evidence will be insufficient to support the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *Mayer*, 309 S.W.3d at 553, 557; *Johnson*, 405 S.W.3d at 354. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Mayer*, 309 S.W.3d at 557; *see Jones v. State*, No. 03-10-00228-CR, 2011 WL 1642097, at *1 (Tex. App.—Austin Apr. 26, 2011, no pet.) (mem. op., not designated for publication) (holding that appropriate remedy was to delete award of fees in case where it was unclear whether attorney representing defendant at trial was appointed and no mention was made at trial as to defendant's financial status).

We note that the trial court's written judgment in this case assesses costs in the amount of $579.00. The bill of costs assesses costs in the amount of $604.00, $300.00 of which is to reimburse the county for attorney's fees.[5] The written judgment's assessment of costs and the "Attachment A" order withholding funds conform to the amounts in the bill of costs.[6]

---

[5] Twenty-five dollars of the costs identified in the bill of costs represents a statutory "time payment" fee, which provides that a person convicted of a felony, who does not pay court costs imposed within thirty days of the date the judgment is entered, should be charged a fee of $25.00. *See* TEX. LOC. GOV'T CODE ANN. § 133.103(a) (West Supp. 2013). The assessment of this fee is proper. The subtraction of the time payment fee leaves a total of $579.00, which is consistent with the amount of fees assessed in the trial court's written judgment.

[6] "Attachment A" orders that $3,979.00 be withheld from Appellant's inmate trust account, which represents $579.00 in court costs plus $3,400.00 in restitution.

The record does not contain an affidavit or questionnaire establishing Appellant's indigency, an order appointing counsel, or otherwise establish his financial resources and ability to pay the attorney's fees assessed against him. However, the clerk's record contains a motion to withdraw filed by Appellant's trial counsel alleging that he was appointed as Appellant's trial counsel. Assuming that Appellant's trial counsel was appointed rather than retained, the trial court did not make the finding, and there is no factual basis in the record, to demonstrate that Appellant has the financial resources and ability to pay attorney's fees. Accordingly, the order assessing attorney's fees will be deleted from the judgment.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*. We *modify* the trial court's judgment to reflect that the amount of court costs is $279.00. *See* TEX. R. APP. P. 43.2(b); *Bray*, 179 S.W.3d at 726; *Rodriguez-Rodriguez*, 2014 WL 3697890, at *1-2. We also *modify* Attachment A to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $3,679.00. We *affirm* the judgment *as modified. See id.*

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00372-CR**

**KENDALLYN LAMAR ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0862-13)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $279.00. We also **modify** Attachment A to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $3,679.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*