# NO. 12-12-00289-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DENETRIUS MILLER JOHNSON,* <br> *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *OPINION*

Denetrius Miller Johnson appeals her conviction for the felony offense of theft by check.   In one issue, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs.   We modify and affirm as modified.

### BACKGROUND

A Smith County grand jury indicted Appellant for the offense of theft by check.[1]   On August 16, 2012, Appellant pleaded guilty without an agreement on punishment.   After hearing the State's and Appellant's evidence, the trial court found Appellant guilty and assessed punishment at fifteen months of confinement.

In its formal pronouncement, the trial court stated, "[N]o fines assessed, court costs are ordered paid, [and] restitution is ordered to the victims in the amount already determined to be due. . . ."   When the trial court signed the judgment of conviction, it required the

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2012).

payment of $580.00 in court costs.  At this time, the certified bill of costs was not in the record.

After Appellant filed her notice of appeal, the State filed a motion to supplement the appellate record, which was granted by this court.  The supplemental record contains a certified copy of the bill of costs.

### SUPPLEMENTATION OF THE RECORD

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed."  TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).  "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006).  The rules of appellate procedure permit supplementation of the clerk's record "[i]f a relevant item has been omitted. . . ."  *See* TEX. R. APP. P. 34.5(c)(1).

The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed.  *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006.  But when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006.  *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006.

In ***Allen v. State***, the Texarkana court of appeals permitted supplementation of the appellate record with a "newly created bill of costs."  ***Allen v. State***, No. 06-12-00166-CR, 2013 WL 1316965, at *2 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (not yet released for publication).  The court reasoned that supplementation was permissible because a bill of costs is a governmental record that is merely a documentation of what occurred during the trial."  ***Id***.  Because the substance of the bill of costs was not newly created, the court

2

classified the bill of costs as "an 'omitted' item because it is only a compilation of records that existed previously." *Id.*; *see also* **Cardenas v. State**, No. 01-11-01123-CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication) ("Rule 34.5(c) also does not exclude the possibility of supplementation with new documents, the creation of which is otherwise required by law, and article 103.006 does contemplate that a bill of costs shall be certified, signed, and sent upon the appeal of a criminal action. . . .").

But in *Mayer v. State*, the court of criminal appeals affirmed the Amarillo court of appeals' holding that a trial court erred in ordering reimbursement of attorney's fees for appointed counsel absent evidence in the record demonstrating that the defendant had the financial resources to offset the costs of the legal services received. *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). Among the arguments before the court of criminal appeals was the State's contention that a remand order to the trial court was appropriate to allow the trial court to hear evidence and determine whether the defendant should be required to reimburse the county for attorney's fees, and the amount, if any, to be paid. *See id.* at 557. The court rejected this argument and stated, "When claims of insufficient evidence are made, the cases are not usually remanded to permit supplementation of the record to make up for alleged deficiencies in the record evidence." *Id.* The court reasoned that supplementation was inappropriate because nothing precluded the State from presenting evidence and being heard in the trial court on the issue of the defendant's financial resources and ability to pay attorney's fees. *Id.*

We agree with the reasoning in *Allen*. Accordingly, we hold that supplementing the record in this case to include a bill of costs is appropriate and will consider it in our analysis. *See* TEX. R. APP. P. 34.5(c)(1), (3), *Allen*, 2013 WL 1316965, at *2. Based upon *Mayer*, however, we further hold that supplementation of the record to provide evidence of Appellant's ability to pay attorney's fees is not appropriate.[2] *See Mayer*, 309 S.W.3d at 557.

_____

[2] The Texarkana court was not asked to address the imposition of attorney's fees.

3

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In her sole issue, Appellant contends that the trial court erred by "imposing court costs not supported by the . . . bill of costs and by ordering that the same be withdrawn from [her] inmate trust account." She argues that because we cannot determine from the record the basis of the court costs imposed, we "should modify the trial court's judgment to delete any unsupported costs." Because the record has been supplemented to include a bill of costs, we review Appellant's issue as a challenge to the sufficiency of the evidence.[3]

## Standard of Review

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer*, 309 S.W.3d at 557; *Cardenas*, 2013 WL 1164365, at *6.

## Applicable Law

A judgment shall "adjudge the costs against the defendant, and order the collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.*; *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).[4] But once a criminal defendant has been determined to be indigent, she "is presumed to remain indigent for the remainder of the proceedings unless a material

---

[3] Appellant argues that the withdrawal order is not valid because it was issued without ensuring her right to due process. As a result, Appellant argues that she has no way to challenge whether the costs were correctly assessed. We need not discuss the alleged due process violation because the record was supplemented to include a bill of costs. *See* TEX. R. APP. P. 47.1.

[4] Article 26.05 provides,

> If the court determines that a defendant has financial resources that enable [her] to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).

change in [her] financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). Thus, the trial court must determine that the defendant has financial resources which enable her to offset in part or in whole the costs of the legal services provided, and that determination must be supported by some factual basis in the record before attorney's fees are imposed. *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.); *see also* **Barrera v. State**, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.). If the record does not show that the defendant's financial circumstances materially changed after the previous determination that she was indigent, the evidence will be insufficient to support the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 553; *see also* **Wolf**, 377 S.W.3d at 146.

### Discussion

After pleading guilty, Appellant testified that she was unemployed and had been diagnosed with a brain tumor. She also testified that her only income is her deceased husband's social security, which is $1,439.00 paid on the third of each month. The record shows that the trial court made two separate findings of Appellant's indigence—by appointing counsel to represent Appellant before her guilty plea and by appointing appellate counsel after her guilty plea.

The judgment of conviction reflects that the trial court assessed $580.00 as court costs and $10,381.64 as restitution. The judgment of conviction includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $10,961.64. This amount reflects the combined total of the court costs and restitution assessed in the judgment of conviction.

The bill of costs itemizes the costs and fees assessed against Appellant. The attorney's fees total $300.00, and the remaining fees total $280.00.

The court costs set out in the trial court's judgment are the same as those shown in the clerk's certified bill of costs. We have verified that each fee listed in the bill of costs is

authorized by statute.[5] Appellant is required to pay all of these costs, except the attorney's fees, regardless of her indigence. TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 42.16; *see also Johnson v. State*, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no pet. h.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."); *Hill v. State*, No. 06-12-00163-CR, 2013 WL 1750902, at *4 (Tex. App.—Texarkana Apr. 24, 2013, no pet.) (mem. op., not designated for publication) ("[A] trial court can order an indigent defendant to pay court costs, provided payment is not demanded before the trial court proceedings have concluded."); *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.) ("Legislatively mandated fees and costs may be withdrawn from an inmate's account without regard to his ability to pay. . . ."). Therefore, the evidence is sufficient to support the trial court's assessment of $280.00 in court costs against Appellant.

There is no evidence in the record, however, that Appellant's financial circumstances materially changed after the trial court determined that she was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). The record shows that the trial court twice determined that Appellant was indigent and made no finding that Appellant has financial resources which enable her to offset in whole or in part the costs of the legal services she was provided. Consequently, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Wolfe*, 377 S.W.3d at 146. Appellant's sole issue on appeal is sustained in part.

---

[5] The bill of costs lists attorney's fees, jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, bond fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund state, judiciary fund county, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (5), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

**DISPOSITION**

Having sustained Appellant's sole issue in part, we modify the trial court's judgment to reflect that the amount of court costs is $280.00.   *See* TEX. R. APP. P. 43.2(b).   We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $10,661.64.   *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).[6]   We ***affirm*** the judgment of the trial court ***as modified***.   *See* TEX. R APP. P. 43.2(b).


**BRIAN HOYLE**
Justice



Opinion delivered June 19, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

---

[6] The State argues that a notice of withdrawal is not a final, appealable order and that Appellant waived her ability to raise this issue on appeal because she did not first file a motion with the trial court to contest the withdrawal.   We decline to address the State's argument because the "Order to Withdraw Funds" was incorporated into the trial court's judgment of conviction as "Attachment A."   But even if the "Order to Withdraw Funds" was not incorporated into the judgment as an attachment, other courts have determined that modification of both the judgment and withholding order is appropriate to delete improperly assessed fees when sufficiency is challenged on direct appeal.   *See **Allen v. State***, No. 06-12-00166-CR, 2013 WL 1316965, at *4 (Tex. App.—Texarkana Apr. 3, 2013, no pet.) (not yet released for publication); ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.).



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 19, 2013

### NO. 12-12-00289-CR

**DENETRIUS MILLER JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 241-0534-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to reflect the amount of court costs is $280.00 and modify Attachment A to delete the attorney's fees and show that the total amount of "court costs, fees and/or fines and/or restitution" is $10,661.64.; **and as modified**, the judgment of the trial court is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*