# NO. 12-13-00030-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JONATHAN DAVID MATHEWS, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Jonathan David Mathews appeals his conviction for the possession of a controlled substance. In his sole issue, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs.   We affirm.

<u>**BACKGROUND**</u>

In 2010, Appellant was indicted for the felony offense of possession of a controlled substance, a state jail felony as alleged.   Pursuant to a plea agreement, Appellant pleaded guilty to the offense. The trial court, in accordance with the agreement, placed Appellant on deferred adjudication community supervision for a period of five years.

In 2012, the State filed a motion to proceed to final adjudication, alleging that Appellant failed to abide by the terms of his community supervision.   Appellant pleaded "true" to some of the allegations in the State's motion, and contested the remaining allegations.   After a hearing, the trial court found that Appellant violated the terms of his community supervision, adjudicated him guilty, assessed his punishment at confinement for twenty-two months in a state jail facility, and ordered that he pay a fine of $1,000.00 as well as court costs.

In the judgment of conviction, the trial court ordered the payment of $284.00 in court costs. The district clerk inadvertently included a certified bill of costs in the record from an unrelated case of a different defendant. At the State's request, the district clerk supplemented the record to include a correct bill of costs.

<u>**COURT COSTS**</u>

In his sole issue, Appellant contends that the amount of costs ordered in the trial court's judgment exceeds those supported by the bill of costs, and consequently, this court should modify the judgment to reduce costs in an amount equal to that in the bill of costs.

**<u>Standard of Review</u>**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. ***Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Johnson v. State***, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication).

**<u>Applicable Law</u>**

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." ***Id.*** art. 103.006 (West 2006). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.* art. 103.001 (West 2006); ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; ***Johnson***, 2013 WL 3054994, at *1-2.

**<u>Discussion</u>**

Here, the judgment of conviction reflects that the trial court assessed $284.00 as court costs. The judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $284.00.

2

Appellant contends that portions of the costs assessed are unsupported by the evidence. His argument is based upon the incorrect bill of costs filed as part of the record from an unrelated case involving a different defendant. The district clerk has since supplemented the record to include the correct bill of costs. The incorrect bill of costs showed court costs in the amount of $474.00, while the amount on the correct bill of costs matched the amount of costs assessed in the trial court's judgment—$284.00.

Appellant is required to pay all of these costs, regardless of his indigence. *See **Johnson v. State***, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no pet.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."). We have verified that each fee listed in the bill of costs is authorized by statute.[1] Therefore, the evidence is sufficient to support the trial court's assessment of $284.00 in court costs against Appellant.

Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

### SAM GRIFFITH
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] The bill of costs lists a jury service fee, clerk's fee, records management fee, records management and preservation fee—DC, warrant fee, bond fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (5), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-13-00030-CR

**JONATHAN DAVID MATHEWS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-1120-10)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4