# NO. 12-13-00153-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMOA GABRIELLE SCOTT,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION

Samoa Gabrielle Scott appeals her conviction for the offense of delivery of a controlled substance in a drug free zone. She raises one issue relating to the imposition of court costs. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with the felony offense of delivery of a controlled substance in a drug free zone. Appellant pleaded guilty to the offense as charged. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for ten years.

The State filed an application to proceed to final adjudication on February 11, 2013. In its application, the State alleged that Appellant had committed a felony offense while on community supervision, to which Appellant pleaded "true." The trial court found the State's allegation "true," revoked Appellant's community supervision, and adjudicated Appellant guilty of the offense of possession of a controlled substance in a drug free zone. The trial court assessed punishment at six years of imprisonment without a fine and ordered court costs to be paid.

The judgment adjudicating guilt assessed $344.00 in court costs. The bill of costs shows a remaining balance of $324.00 in court costs.

**SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS**

In one issue, Appellant contends that the evidence is insufficient to support the assessment of court costs in the amount of $344.00 because the bill of costs reflects a remaining balance of $324.00. The State concedes this is error.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See **Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Johnson v. State***, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). Requiring a defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); ***Armstrong***, 340 S.W.3d at 767; ***Johnson***, 405 S.W.3d at 355.

**Discussion**

The judgment adjudicating guilt assessing $344.00 in court costs includes two documents identified as "Attachment A Order to Withdraw Funds." One attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $344.00. The other attachment states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $324.00.[1] The bill of costs reflects a remaining balance of $324.00.

We have reviewed the items listed in the bill of costs, and all listed costs and fees are authorized by statute. Because some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $344.00 in court costs as reflected in its judgment adjudicating guilt. *See, e.g.*, ***Lack v. State***, No. 12-13-00052-CR, 2013 WL 3967698, at *1-2 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (evidence insufficient to support court costs when different from remaining balance reflected in bill of

---

[1] This attachment reads exactly as the first, but the $344.00 amount is marked out and $324.00 is handwritten.

costs). The evidence is sufficient, however, to support the imposition of $324.00 in court costs. *See id.* Accordingly, we sustain Appellant's sole issue on appeal.

**DISPOSITION**

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment to reflect the amount of court costs is $324.00. *See* TEX. R. APP. P. 43.2(b). We also modify the trial court's judgment to delete the Order to Withdraw Funds that assesses $344.00 in costs, fees, fines, and/or restitution. *See **Ballinger v. State***, 405 S.W.3d 346, 350 (Tex. App.—Tyler 2013, no pet.). We ***affirm*** the judgment of the trial court as modified. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered February 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 12, 2014

NO. 12-13-00153-CR

**SAMOA GABRIELLE SCOTT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1380-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect the amount of court costs is $324.00; that the Order to Withdraw Funds that assesses $344.00 in "court costs, fees and/or fine and/or restitution" is deleted; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*