# NO. 12-13-00351-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OURTIA CLAY WASHINGTON, JR., APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ourtia Clay Washington, Jr. appeals his conviction for arson. He raises two issues on appeal relating to the imposition of attorney's fees and court costs. We modify and affirm as modified.

## BACKGROUND

A Smith County grand jury returned an indictment against Appellant for the offense of arson. Appellant pleaded guilty to the offense with no agreement on punishment. A presentence investigation was conducted and a sentencing hearing was held. At the conclusion of the hearing, the trial court found Appellant guilty and assessed punishment at forty years of imprisonment. This appeal followed.

## COURT COSTS AND ATTORNEY'S FEES

In his first issue, Appellant contends that the trial court erred by imposing attorney's fees as court costs and by ordering that funds be withdrawn from his inmate trust account. In his second issue, Appellant contends that the evidence is legally insufficient for the trial court to assess costs. The State did not file a brief.

**Standard of Review and Applicable Law**

When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Although a defendant is entitled to notice and an opportunity to be heard when the state attempts to withdraw funds from his inmate trust account, neither needs to occur before the funds are withdrawn. *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) (citing *Harrell v. State*, 286 S.W.3d 315, 319-21 (Tex. 2009)).

"If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided" the court "shall order the defendant to pay . . . as court costs the amount that it finds the defendant is able to pay." *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). The trial court's determination that a defendant has the financial resources to offset the costs of the legal services provided must be supported by some factual basis in the record. *See id.*; *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Absent a finding that the defendant has the financial resources and ability to pay, the evidence will be insufficient to support the imposition of attorney's fees. *See id.*; *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.) (citations omitted).

**Discussion**

The judgment of conviction assesses $579.00 as court costs and contains an order of withdrawal (Attachment A) reflecting the same amount. The bill of costs includes the assessment of attorney's fees in the amount of $300.00.

The record shows that the trial court appointed counsel to represent Appellant at trial and later appointed counsel to represent him on appeal. There is no factual basis in the record that shows Appellant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See id.* Accordingly, there is no basis to support the imposition of attorney's fees as court costs. *Id.* We sustain Appellant's first and second issues.

**DISPOSITION**

Having sustained Appellant's first and second issues, we ***modify*** the trial court's judgment to reflect that the amount of court costs is $279.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of attorney's fees and to state that the total

amount of "court costs, fees and/or fines and/or restitution" is $279.00.  We **affirm** the judgment **as modified.**  *See* TEX. R. APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-13-00351-CR**

**OURTIA CLAY WASHINGTON, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1015-13)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $279.00. We also modify Attachment A to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $279.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*