

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00373-CR
### NO. 02-14-00374-CR

MICHAEL DUANE BARNETT                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1342421D, 1342419D

----------

## MEMORANDUM OPINION[1]

----------

In two separate causes, Appellant Michael Duane Barnett pleaded guilty pursuant to a plea bargain to possession of between 4 and 200 grams of a controlled substance, and the trial court sentenced him to five years' confinement in each cause. Both judgments—entered on June 23, 2014—ordered Barnett to pay court costs in the amount of $339.00.

---

[1]*See* Tex. R. App. P. 47.4.

On August 6, 2014, Barnett filed a motion in the trial court to "Have Defendant's Attorney Fees and Court Cost Waived," arguing that he should not have been ordered to pay court costs because he had previously been determined to be indigent. The trial court denied the motion on August 21, 2014, and Barnett filed a notice of appeal challenging the denial on September 5, 2014. On October 14, 2014, Barnett filed a "Petition to Have Funds Returned to Inmate's Trust Fund Account," complaining about the portion of his judgment that ordered funds to be withdrawn from his inmate trust account.

On October 21, 2014, we notified Barnett of our concern that we lack jurisdiction over these appeals because the trial court's certification in each cause states that Barnett "has waived the right of appeal." We informed Barnett that the appeals could be dismissed unless he or any party filed a response showing grounds for continuing the appeals. *See* Tex. R. App. P. 25.2(d), 44.3. Barnett filed a response, explaining that he was not *appealing* his sentence; instead, he was "*petitioning* the denial of [his] court fees being waived, and the garnishment of [his] trust fund account." [Emphasis added.] However, whether he thinks so or not, both Barnett's motion and petition *are* appeals challenging the portions of his judgments imposing costs and ordering funds to be withdrawn from his trust account. *See Johnson v. State,* 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014) (holding in part that a party may challenge the imposition of court costs on direct appeal); *Johnson v. State,* 405 S.W.3d 350, 352 (Tex. App.—Tyler 2013, no pet.) (considering appeal regarding the sufficiency of the

evidence to support costs); *In re Meeks*, No. 01-12-00532-CR, 2012 WL 6013433, at *1 (Tex. App.—Houston [1st Dist.] Sept. 27, 2012, orig. proceeding) (denying mandamus challenging portion of judgment assessing costs because relator "was entitled to bring his complaint by direct appeal"). Barnett does not direct us to any authority, nor are we aware of any, that allows him to circumvent the direct appeals process and pursue his complaints about the final, appealable judgments via some form of motion practice.[2] Therefore, in accordance with the trial court's certifications, we dismiss these appeals. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 20, 2014

---

[2]Moreover, the trial court's denial of his motion to waive fees and costs is not an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).