# NO. 12-15-00116-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FERNANDO ROMO ORTA,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Fernando Romo Orta appeals his conviction for indecency with a child. He raises one issue relating to the imposition of court costs. We affirm.

### BACKGROUND

Appellant was charged by indictment for the felony offense of indecency with a child. Pursuant to a plea agreement, Appellant pleaded "guilty" to the offense and was placed on deferred adjudication community supervision for a period of ten years. Thereafter, the State filed an application to proceed to final adjudication in which it alleged seven violations of the terms of Appellant's conditions of community supervision.

Appellant refused to make any statements regarding the allegations contained in the State's application. The trial court granted the State's application, found Appellant guilty of the offense, and assessed punishment at ten years of imprisonment, "along with any unpaid court costs." This appeal followed.

### COURT COSTS

In his sole issue, Appellant contends the trial court erred by ordering funds to be withheld from his inmate trust account in an amount not supported by a proper bill of costs. At the time

Appellant filed his brief, a bill of costs was not included in the record. Thereafter, the record was supplemented with a bill of costs. *See* TEX. R. APP. P. 34.5(c)(1).

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. *Id.*

A bill of costs is not required to sustain statutorily authorized and assessed court costs, but it is the most expedient, and therefore, preferable method. *See id.* at 396. If a bill of costs is omitted, one can be prepared and presented to the appellate court in a supplemental clerk's record. *See id.* at 392.

The judgment adjudicating guilt assesses court costs in the amount of $252.25. The bill of costs reflects a total amount of $502.25. However, included in this assessment is attorney's fees totaling $250.00. When the attorney's fees are subtracted from the total amount listed in the bill of costs, the amount of court costs is $252.25.[1] Because this is the same amount reflected in the judgment and order of withdrawal, we conclude there is no error in the assessment of costs. Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] We subtract attorney's fees from the amount listed in the bill of costs because the trial court found Appellant indigent, and the record does not show that Appellant's financial circumstances have materially changed. Thus, there is no basis to support the imposition of attorney's fees against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *Johnson v. State*, 405 S.W.3d 350, 355 (Tex. App.—Tyler 2013, no pet.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2015**

**NO. 12-15-00116-CR**

**FERNANDO ROMO ORTA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0409-01)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*