# NO. 12-15-00285-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE HENDERSON, JR.,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Willie Henderson, Jr., appeals his conviction for possession of a prohibited substance in a correctional facility. In his sole issue on appeal, Appellant contends that the evidence is insufficient to support the assessment of attorney's fees against him. We affirm.

## BACKGROUND

Appellant was indicted for the offense of possession of a prohibited substance in a correctional facility.[1] The trial court determined that Appellant was indigent and appointed counsel to represent him. Appellant pleaded "guilty" to the offense and was placed on community supervision. The State filed an application to revoke Appellant's community supervision, which the trial court granted after a hearing.[2] Consequently, the trial court revoked Appellant's community supervision and sentenced him to four years of imprisonment. No evidence was presented by either side at the hearing concerning Appellant's indigence or attorney's fees. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 38.11 (West 2011).

[2] Appellant pleaded "true" to most of the allegations in the State's application.

## ATTORNEY'S FEES

In his sole issue, Appellant contends that the evidence is legally insufficient to support the assessment of attorney's fees against him. He argues that the trial court found him indigent and that status has not changed.

A trial court has the authority to assess attorney's fees against a criminal defendant who received court appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2015). Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2015). Before any imposition of attorney's fees, the trial court must determine that the defendant has financial resources which enable him to offset, in whole or in part, the cost of the legal services provided, and that determination must be supported by a factual basis in the record. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). An appellant's complaint about the sufficiency of the evidence of his financial resources and ability to pay is not waived by his failure to raise the complaint in the trial court. *Mayer*, 309 S.W.3d at 556.

The record shows that the trial court found Appellant indigent and appointed counsel. The trial court's judgment ordered that Appellant pay $323.00 in court costs, and did not assess attorney's fees against Appellant. However, the subsequently prepared bill of costs shows that Appellant owes $648.00 in costs, including $300.00 for his court appointed attorney's fee. Attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). But there is no evidence that Appellant's financial circumstances materially changed after he was declared indigent. Therefore, the evidence is insufficient to support the assessment of the attorney's fee. The State concedes that the attorney's fee should not have been assessed and that the bill of costs should be modified to delete it. We agree.

However, the State, in its letter brief, contends that the amount of costs in the bill of costs does not correspond to the amount assessed by the trial court in its judgment. Specifically, the

State points to an additional $25.00 assessed in the bill of costs. It is clear that the $25.00 fee represents a "time payment" fee, which is a legislatively mandated cost assessed when a person convicted of a felony pays any part of his court costs on or after the thirty-first day after the date the judgment is entered. *See* TEX. LOC. GOV'T CODE ANN. § 133.103(a) (West Supp. 2015). The trial court assessed court costs in the amount of $323.00. We note that when two items are removed from the bill of costs, namely the $300.00 assessed as attorney's fees and the $25.00 assessed as "time payment," the total amount is reduced to $323.00, corresponding to the amount of costs assessed by the trial court. There appears to be a basis to support the time payment fee in the record before us. *See Perez v. State*, No. 07-12-00451-CR, 2014 WL 2191995, at *3 (Tex. App.—Amarillo May 23, 2014, pet. ref'd) (mem. op., not designated for publication) (noting that because the time payment fee is a legislatively mandated court cost, it is not subject to an evidentiary sufficiency challenge) (citing *Johnson v. State*, 423 S.W.3d 385, 389–390 (Tex. Crim. App. 2014)). The State contends that rather than having a hearing in the trial court below to determine the basis for the $25.00 fee, it would waive that fee. The State does not provide, nor are we aware of, any authority that authorizes it to waive the collection of the fee. The time payment fee is a legislatively mandated fee, and it appears that there is a basis in the record to support its assessment here. *See Johnson*, 423 S.W.3d at 389 ("[W]hen a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost."). Therefore, we conclude that remand is unnecessary to clarify the basis for how the costs were calculated.

We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the bill of costs to delete the $300.00 fee for Appellant's court appointed attorney. We *affirm* the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 20, 2016

NO. 12-15-00285-CR

**WILLIE HENDERSON, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0009-15)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the Bill of Costs should be *modified* to delete the $300.00 fee for Appellant's court appointed attorney and that there is no error in the trial court's judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the Bill of Costs below be **modified** to delete the $300.00 fee for Appellant's court appointed attorney; the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*