# NO. 12-15-00247-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARLOS DEHENRI COOK,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Carlos Dehenri Cook appeals the trial court's order revoking community supervision. In one issue, Appellant argues that the trial court erred by assessing attorney's fees. We affirm.

## BACKGROUND

Appellant was charged by indictment with tampering with physical evidence. Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offense, and the trial court assessed his punishment at imprisonment for ten years, suspended for a period of four years.

Subsequently, the State filed an application to revoke Appellant's community supervision. Appellant pleaded true to the allegations in the application. After giving both parties an opportunity to present evidence and arguments, the trial court granted the application to revoke and assessed his punishment at imprisonment for five years. This appeal followed.

## ATTORNEY'S FEES

In Appellant's sole issue, he contends that the trial court erred by imposing attorney's fees against him.

**Standard of Review and Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State,*** 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. ***Id.***

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2016). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See **Johnson v. State***, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); ***Mayer v. State***, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); ***Johnson***, 405 S.W.3d at 354.

No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. ***Mayer***, 309 S.W.3d at 556. But where such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. ***Wiley v. State***, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). The claim is forfeited if the defendant was aware of his obligation to pay the fees but did not bring the claim in a direct appeal. ***Riles v. State***, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

**Analysis**

Appellant argues that the trial court erred by imposing attorney's fees against him without evidence of his ability to pay them. He contends that we should modify the trial court's judgment to delete the attorney's fees. Alternatively, Appellant contends that we should remand his case for a hearing to determine whether attorney's fees are included in the court cost assessment. We decline to do either.

2

First, we observe that although attorney's fees were included in the original judgment when Appellant was placed on community supervision, it appears the attorney's fees have already been removed from the final court cost assessment. The court cost assessment in the original judgment is $614. The bill of costs lists court costs totaling $614, including $300 in attorney's fees. So without the attorney's fees, the court costs are $314. But the assessment of court costs in the final judgment is $289. Thus, the bill of costs provides a basis for the final court cost assessment. *See Johnson*, 423 S.W.3d at 390.

Furthermore, even if the attorney's fees were included in the final judgment, Appellant has forfeited his claim that they are improper. Because Appellant's claim arises from the order originally imposing community supervision, he was required to bring it in a direct appeal from that order if he was aware of his obligation to pay the fees. *See Wiley*, 410 S.W.3d at 318; *Riles*, 452 S.W.3d at 337. The record shows that Appellant was aware of this obligation. He signed his Conditions of Community Supervision, which provided that he was to "[p]ay all court cost [sic], including any appointed counsel fee at the rate of $20 each month beginning December, 2014." He told the trial court that he had read all of his paperwork and discussed it with his attorney. We conclude that Appellant forfeited his claim by failing to bring it in a direct appeal from the order imposing community supervision. *See id.* Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 10, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2016**

**NO. 12-15-00247-CR**

**CARLOS DEHENRI COOK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1536-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*