# NO. 12-17-00249-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER BRIAN MURRAY,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Brian Murray appeals his conviction for aggravated assault with a deadly weapon. Appellant raises one issue challenging the trial court's imposition of court costs and attorney's fees. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon and pleaded "not guilty." The matter proceeded to a jury trial. The jury found Appellant "guilty" and assessed his punishment at imprisonment for five years. This appeal followed.

## IMPOSITION OF COURT COSTS

In Appellant's sole issue, he argues that the trial court erred by imposing court costs and attorney's fees after finding Appellant to be indigent.

### Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State* 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the

costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Id*. at 391. A bill of costs is not required to sustain statutorily authorized and assessed court costs, but it is the most expedient and, therefore, preferable method. *See id.*at 396. Absent a challenge to a specific cost or basis for a cost, a bill of costs is sufficient to sustain a court cost assessment. *Id.*

A trial court has the authority to assess attorney fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." *Id*. art. 26.04(p) (West Supp. 2017). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

## Analysis

Appellant argues that because he was found to be indigent, and was never found otherwise, the trial court erred by ordering him to pay court costs and possibly court appointed attorney's fees. The judgment of conviction assesses $349.00 as court costs. The judgment also includes an order that Appellant "[r]eimburse court appointed attorney fees if applicable." The bill of costs assesses $0.00 as court appointed attorney fees, but states that "court appointed attorney fees may be added at a later date."

The record indicates that Appellant was found to be indigent and was appointed trial and appellate counsel. Nothing in the record indicates that Appellant's financial circumstances materially changed after he was found to be indigent. Accordingly, we sustain Appellant's issue regarding the possible imposition of court appointed attorney fees. *See id.*

However, Appellant cites no authority for the proposition that a trial court may not assess court costs against an indigent defendant. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). Accordingly, we overrule Appellant's issue regarding the $349.00 court cost assessment.

## DISPOSITION

Having sustained in part and overruled in part Appellant's sole issue, we *modify* the trial court's judgment and bill of costs to delete the possibility of an attorney's fees assessment. We *affirm* the trial court's judgment *as modified*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2018

NO. 12-17-00249-CR

**CHRISTOPHER BRIAN MURRAY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-16-32569)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the possibility of an attorney's fees assessment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*