In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00076-CR**
_____

**IN RE WILLIAM DALE PERKINS**

**Original Proceeding**
**75th District Court of Liberty County, Texas**
**Trial Cause Nos. 32009 and 32258**

**MEMORANDUM OPINION**

In a mandamus petition William Dale Perkins complains that his inmate account statement reflects that he owes court fees, presumably from court costs assessed in one or more of his criminal cases from Liberty County. Perkins asks this Court to compel the trial court to prohibit the prison system from collecting court costs from his inmate account.

To be entitled to mandamus relief, Perkins must demonstrate that he has no adequate remedy at law through an appeal and that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App.

2013). Perkins has not shown that he has been charged a fee that is not authorized by statute, or that cannot be collected if he is indigent. *See generally* Tex. Code Crim. Proc. Ann. arts. 42.16 (West 2018) (The judgment "shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."); *see also Johnson v. State*, 405 S.W.3d 350, 355 (Tex. App.—Tyler 2013, no pet.) (Court costs other than attorney's fees were not preconditioned on ability to pay.). Furthermore, Perkins has not shown that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding). Additionally, Perkins failed to demonstrate that he has no adequate remedy by appeal if fees are collected from his inmate account. *See Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). We deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on March 26, 2019
Opinion Delivered March 27, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

2