# NO. 12-20-00281-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES KOREDE BYARS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charles Korede Byars appeals his conviction for possession of a controlled substance.  In one issue, Appellant challenges the sufficiency of the evidence supporting the assessment of court costs.  We affirm the trial court's judgment.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance.  Pursuant to a plea bargain agreement, Appellant pleaded guilty.  The trial court found the evidence was sufficient to find Appellant guilty, but the trial court deferred further proceedings and placed Appellant on community supervision for three years.  The State subsequently filed a motion to adjudicate guilt, alleging that Appellant violated the terms and conditions of his community supervision.  Appellant pleaded "true" to the allegations in the State's motion to adjudicate.  The trial court found that Appellant violated the terms and conditions of his community supervision, adjudicated Appellant guilty, and sentenced him to four years of confinement.  The trial court signed an order to withdraw funds from Appellant's inmate trust account to pay court costs in the amount of $458.00.  This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that the trial court erred by withdrawing funds from his inmate trust account based on costs assessed in the trial court's judgment because those costs are not supported by a statutorily required bill of costs. Since Appellant filed his brief, the appellate record has been supplemented with a bill of costs. *See Johnson v. State*, 405 S.W.3d 350, 353 (Tex. App.—Tyler 2013, no pet.) (permitting supplementation of appellate record with bill of costs). Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 382 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 405 S.W.3d at 354-55.

### Evidence Supporting Assessment of Costs

The judgment of conviction reflects that the trial court assessed court costs of $408.00 and restitution of $50.00. The judgment includes a document entitled "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines, and restitution" in the amount of $458.00. The certified bill of costs itemizes the court costs imposed, the remaining balance of which totals $408.00. We have reviewed the items in the bill of costs, and all listed costs and fees are authorized by statute. *See, e.g., Ireland v. State*, No. 03-14-00616-CR, 2015 WL 4914982, at *3 n.3 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (identifying statutory sources for assessment of fees in bill of costs). Therefore, we conclude that the costs imposed in the trial court's judgment are supported by sufficient evidence. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 20, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 20, 2021

NO. 12-20-00281-CR

**CHARLES KOREDE BYARS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0343-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*