# NO. 12-17-00307-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONICA NICOLE FORD,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Monica Nicole Ford appeals the trial court's order revoking her community supervision. In her sole issue, Appellant contends the trial court erroneously assessed attorney's fees as part of her court costs. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offense, and after deferring a finding of guilt, the trial court placed Appellant on community supervision for eight years. As a condition of Appellant's community supervision, the trial court ordered that she pay $6,790.75 in restitution.

Subsequently, the State filed a motion to adjudicate guilt alleging that Appellant violated certain conditions of her community supervision. The trial court granted the State's motion, assessed Appellant's punishment at imprisonment for five years, and ordered that she pay the remaining $3,935.75 in restitution. This appeal followed.

## ATTORNEY'S FEES

In her sole issue, Appellant contends that the trial court erred by imposing attorney's fees against her.

## Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Id.* A bill of costs is not required to sustain statutorily authorized and assessed court costs, but it is the most expedient and, therefore, the preferable method. *Id.* at 396. If a bill of costs is omitted, one can be prepared and presented to the appellate court in a supplemental clerk's record. *Id.* at 392.

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2017). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556. But where such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. *See Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). The claim is forfeited if the defendant was aware of the obligation to pay the fees but did not bring the claim in a direct appeal. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

**Analysis**

In the present case, Appellant argues that the trial court erred by imposing attorney's fees against her without evidence of her ability to pay them. According to the record, Appellant applied for a court-appointed attorney after her indictment for the underlying offense. The trial court found Appellant to be indigent and appointed an attorney to represent her. When Appellant was placed on community supervision, the order of deferred adjudication included $604 in court costs. Appellant did not appeal from this order.

When the State filed its motion to revoke Appellant's community supervision, the trial court continued Appellant's indigent status and appointed a new attorney to defend her. The judgment adjudicating guilt included court costs of $0. The bill of costs, which was prepared following the revocation of Appellant's community supervision, lists an original balance of $162.60 with $21.60 remaining for the item listed as "SB7 ATTY FEE FOR 7TH DISTICT COURT." The record does not indicate that, at any time, either party presented evidence concerning Appellant's change in indigent status, her resources, or her ability to retain an attorney or reimburse the county for court-appointed attorney's fees.

Any issues related to Appellant's original plea proceeding may be considered only in an appeal of the original order placing Appellant on community supervision. *See Riles*, 452 S.W.3d at 337; *Simmons v. State*, No. 12-14-00159-CR, 2015 WL 4710056, at *1 (Tex. App.—Tyler July 31, 2015, no pet.) (mem. op., not designated for publication). However, any procedural default of this kind must be premised on the appellant's knowledge of, and failure to challenge, an issue. *See Riles*, 452 S.W.3d at 337.

In *Riles*, the defendant pleaded guilty to possession of a controlled substance with intent to deliver, adjudication was deferred, and she received community supervision. *Id.* at 334. Her signed plea papers contained an admonishment that part of her mandatory supervision costs included the fees of her court-appointed attorney. *Id*. She also signed an application for community supervision stating that, if granted, she would be required to reimburse the county for the fees of her court-appointed attorney. *Id*. Finally, the order of deferred adjudication, which she also signed, required her to pay "all court costs including the Court Appointed Attorney Fee." *Id*. The next day, her trial counsel submitted his attorney fee voucher for $1,000.00, and it was listed in the district clerk's bill of costs. *Id.* at 334–35. A year and a half later, her

3

community supervision was revoked, she was sentenced to seven years in prison, and she was ordered to pay all court costs, including the fees of her court-appointed attorney. *Id.* She appealed the judgment of adjudication arguing that there was no evidence she had the ability to pay attorney's fees. *Id.*at 335.

The Texas Court of Criminal Appeals held that since Riles had knowledge of the attorney's fees, she was required to challenge the sufficiency of evidence supporting the payment of them in a direct appeal from the original order of deferred adjudication. *Id.* at 337. Since she failed to appeal the original order of deferred adjudication, she procedurally defaulted her complaint. *Id.* (citing *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999)). The court then clarified that procedural default is premised on "an appellant's knowledge of, and failure to challenge, an issue." *Id.*; *see also Wiley,* 410 S.W.3d at 320–21. Accordingly, Riles's acknowledgments that she would be required to pay attorney's fees showed that she had the requisite knowledge to challenge the fee award on direct appeal, even if she did not immediately know the exact amount of the fees. *Riles*, 452 S.W.3d at 337.

Here, Appellant did not appeal from the 2013 judgment placing her on community supervision. But the record reflects that Appellant previously acknowledged her obligation to pay attorney's fees. Specifically, Appellant signed a written statement of the conditions of her community supervision. Among those conditions, under the boldfaced heading entitled "FINANCIAL CONDITIONS[,]" was the requirement that Appellant "[p]ay all court cost[s], including any appointed counsel fee at the rate of $20 each month beginning January 2014." Moreover, at Appellant's 2013 sentencing hearing, the court reviewed the conditions of community supervision on the record and stated that the court "order[s] that you pay back your taxable court costs at the rate of at least $20 per month." Appellant stated that she understood these conditions.

Based on the foregoing, we conclude that Appellant had sufficient knowledge that costs had been assessed against her, which could include fees for appointed counsel. It was unnecessary that Appellant wait for the bill of costs to appeal the assessment of those costs. *See id.* Therefore, we hold that Appellant forfeited her complaint, if any, that the trial court erred in assessing attorney's fees against her in conjunction with the 2013 judgment adjudicating guilt. *See id.* Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered April 11, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 11, 2018**

**NO. 12-17-00307-CR**

**MONICA NICOLE FORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1181-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*