# NO. 12-17-00276-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TAMLA GAY GLOVER,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tamla Gay Glover appeals the trial court's judgment adjudicating her guilty of injury to an elderly individual. In one issue, Appellant argues that the trial court erred by ordering her to reimburse her court appointed attorney's fees. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with injury to an elderly individual. Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offense, and the trial court deferred a finding of guilt, placed Appellant on community supervision for a term of four years, and assessed a fine of $1,000.00.

Subsequently, the State filed a motion to adjudicate Appellant's guilt and revoke her community supervision. Appellant pleaded "not true" to the allegation in the motion. After a contested hearing, the trial court granted the State's motion and assessed Appellant's punishment at imprisonment for six years. This appeal followed.

## ATTORNEY'S FEES

In Appellant's sole issue, she contends that the trial court erred by imposing attorney's fees after finding her indigent.

**Standard of Review and Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State* 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Id.*

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel if the court determines that the defendant has financial resources to offset the fees in part or in whole. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2017). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556. But where such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). The claim is forfeited if the defendant was aware of her obligation to pay the fees but did not bring the claim in a direct appeal. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

**Analysis**

Appellant argues that the trial court erred by imposing attorney's fees against her without evidence of her ability to pay them. She contends that we should modify the trial court's judgment and attached withdrawal order to delete the attorney's fees. We agree only that the portion of the attorney's fees imposed when Appellant's community supervision was revoked should be deleted.

2

The record shows that Appellant completed an affidavit of indigency at the outset of the proceedings. Based on the affidavit, the trial court found that Appellant was indigent, but that she had the financial resources to offset "in whole or in part"[1] the cost of her legal services. The trial court ordered Appellant to pay $50.00 per month for her court appointed attorney, beginning thirty days after the order's execution and without a stated end date.

When Appellant was placed on community supervision, she was ordered to pay $690.00 in attorney's fees as a condition of community supervision. She was ordered to pay the attorney's fees, her fine, and her court costs combined at a rate of $50.00 per month. The final judgment contains an order for "PRIOR Court appointed attorney reimbursement" in the amount of $182.40.

Appellant was required to bring any claim arising from the order imposing community supervision in a direct appeal from that order, if she was aware of her obligation to pay the fees. *See Wiley*, 410 S.W.3d at 318; *Riles*, 452 S.W.3d at 337. The record shows that Appellant signed a written statement of her conditions of community supervision, and therefore was aware of the obligation. We conclude that Appellant forfeited this portion of her claim by failing to bring it in a direct appeal from the order imposing community supervision. *See id.* Accordingly, we overrule Appellant's issue as it pertains to the prior attorney's fees.

When the State filed its motion to revoke and adjudicate, Appellant completed another affidavit of indigency. The trial court again found her indigent and ordered her to pay $50.00 per month for her court appointed attorney without a determination of what part of the attorney's fees she was able to pay or any end date for the payments. The final judgment contains an order for "Court appointed attorney reimbursement" in the amount of $1,537.00. The attached order to withdraw funds contains a finding that "the offender is unable to pay the court costs, fees, and/or fines and/or restitution on this date," but orders payments to be made from Appellant's inmate trust account for her court costs, including the $1,537.00 in attorney's fees.

Texas Code of Criminal Procedure Article 26.05(g) requires a present determination of financial resources and does not allow speculation about possible future resources. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). The trial court's withdrawal order in this case indicates it determined that Appellant was presently unable to pay any of her attorney's fees. Therefore, the trial court had no authority to assess new attorney's fees against Appellant. *See*

---

[1] The order does not specify what part of the cost Appellant was able to pay.

3

TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Cates*, 402 S.W.3d at 252. Accordingly, we sustain Appellant's issue as it pertains to the $1,537.00 in attorney's fees.

### DISPOSITION

Having sustained in part and overruled in part Appellant's sole issue, we *modify* the trial court's judgment and attached withdrawal order to delete the imposition of $1,537.00 in attorney's fees. We *affirm* the judgment *as modified*.

GREG NEELEY
Justice

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 19, 2018

NO. 12-17-00276-CR

**TAMLA GAY GLOVER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR12-00439)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment and withdrawal order of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and withdrawal order of the court below be **modified** to delete the imposition of $1,537.00 in attorney's fees; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*