# NO. 12-22-00002-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN DEWAYNE LOCKETT,* *APPELLANT* | § | *APPEAL FROM THE 87TH DISTRICT* |
| *V.* | § | *COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kevin DeWayne Lockett appeals his conviction for aggravated assault with a deadly weapon. In a single issue, Appellant challenges the sufficiency of the evidence supporting the trial court's assessment of court costs.[1] We modify and affirm as modified.

### BACKGROUND

In July 2020, Appellant was charged by indictment with aggravated assault with a deadly weapon and assault family violence by impeding breath or circulation. The indictment also included an enhancement paragraph alleging Appellant was previously convicted of aggravated sexual assault of a child. Appellant pleaded "not guilty" to both charges, and the matters proceeded to a jury trial. The jury ultimately found Appellant "guilty" of aggravated assault with a deadly weapon and "not guilty" of assault family violence by impeding breath or circulation. At the trial on punishment, Appellant pleaded "true" to the enhancement paragraph. The jury sentenced Appellant to sixty years imprisonment. This appeal followed.

---

[1] After filing Appellant's brief, Appellant's counsel, at Appellant's request, filed a motion to withdraw. This Court remanded the motion to withdraw to the trial court. Following a hearing, the trial court granted the motion. We notified Appellant that the motion had been granted and gave Appellant additional time to file a supplemental brief. The time for filing a supplemental brief has lapsed and no brief has been filed.

## COURT COSTS

In a single issue, Appellant contends the evidence is legally insufficient to support the court costs assessed because the record does not contain a certified bill of costs. However, since the filing of Appellant's brief, the record has been supplemented to include a bill of costs. Therefore, we review Appellant's issue as a challenge to the sufficiency of the evidence.

### Standard of Review

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex.—Houston [1st Dist.] 2013), aff'd 423 S.W.3d 396 (Tex. – 2014). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.).

### Applicable Law

A judgment shall "adjudge the costs against the defendant, and order collection thereof...." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16. If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." *Id.* art. 103.006 (West 2018). Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.* art. 103.001 (West 2018); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The clerk's record may be supplemented to add the bill of costs. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006; *Johnson*, 405 S.W.3d at 353.

### Analysis

The judgment of conviction reflects the trial court assessed $355 as court costs. The bill of costs itemizes the costs and fees assessed against Appellant, including the following costs: $185 State Consolidated Court Cost, $105 Local Consolidated Court Cost, $50 Executing Capias, and $15 Time Payment Fee. The fifteen-dollar time payment fee listed is prematurely assessed. The Court of Criminal Appeals has held that the pendency of an appeal "stops the

clock" for the purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, the assessment of the time payment fee in Appellant's case is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that he owes. ***Id***. The remainder of the fees assessed are authorized by statute. *See* TEX. LOC. GOV'T CODE ANN. §§ 133.102 (West 2021) (state consolidated court cost), 134.101 (West 2021) (local consolidated fee on conviction of felony); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2022) (executing capias).

This Court has the authority to modify incorrect judgments when it has available the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because the imposition of the time payment fee is premature until thirty days after the resolution of an appeal, the time payment fee assessed herein must be struck. We sustain in part Appellant's sole issue.

### DISPOSITION

Having sustained in part Appellant's only issue, we ***modify*** both the bill of costs and the trial court's judgment to remove the time payment fee and reflect total costs of $340. Our ruling is without prejudice to future assessment of the time payment fee if, more than thirty days after our mandate issues, Appellant fails to completely pay any fine, court costs, or restitution he owes. As modified, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00002-CR**

**KEVIN DEWAYNE LOCKETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-20-34650)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the bill of costs and the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the bill of costs and the judgment of the court below be **modified** to remove the time payment fee; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*